

Wendle V. Lehnerd, pro se
33276 N. Cherry Creek Rd.
Queen Creek, AZ 85142
(602) 295-6175

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WENDLE V. LEHNERD,<br><br>Plaintiff,<br><br>vs.<br><br>E-LOAN, INC.,<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>THE BANK OF NEW YORK MELLON CORP., f/k/a The Bank of New York, as Trustee for the certificate holders of Cwalt, Inc., Alternative, Loan Trust 2005-63, Mortgage Pass-Through Certificates, Series 2005-63, John Does 1-100,<br><br>Defendants | No.CV-14-01811-PHX-SPL<br><br>Hon. Steven P. Logan<br><br>**MOTION FOR VERIFIED EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**<br><br>Dated: the 18th Day of August, 2014 |

COMES NOW, Plaintiff, Wendle V. Lehnerd and files *Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction* pursuant to Rule 65 of the Federal Rules of Civil Procedure 65.

### IDENTITY OF PARTIES AND LAND

1. Plaintiff purchased residential property in Pinal County, Arizona, known and referred to as 33276 N. Cherry Creek Rd., Queen Creek, AZ 85142. More particularly, the legal description of this property is:

> THE VILLAGE AT SANTAN HEIGHTS PARCEL 5 LOT 104, SEC 12-3S-7E, 6601 SQ. FT 0.15AC, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PINAL COUNTY, ARIZONA, RECORDED IN CABINET D, SLIDE 48. PINAL CNTY PARCEL #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

Hereafter, this address and legal description as well as all improvements thereon shall be known and referred to as *Plaintiff's Property.*

2. **E-LOAN, INC.** is a Delaware corporation doing business at 9600 W. Bryn Mawr, Rosemont, Illinois 60018. This company currently has active charter status with the secretary of state of Delaware. It is a legal entity in this state. The E-LOAN, INC. registered agent is: The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

3. **Mortgage Electronic Registration Systems, Inc.** [a/k/a *MERS*] is a Delaware corporation with its principle place of business at 1818 Library Street, Suite 300, Reston, Virginia 20190. Mortgage Electronic Registration Systems, Inc., hereafter referred to as *MERS,* operates a MERS Registry. MERS Identifier No. 100039610008644956 appears on Plaintiff's Deed of Trust and serves as a link to this MERS Registry. The *MERS* registered agent is: The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. *MERS* is named on Plaintiff's Deed of Trust as beneficiary, acting solely as nominee for **E-LOAN, INC.** and its successors and assigns in interest.

4. **The Bank of New York Mellon Corporation** [f/k/a *The Bank of New York, as Trustee for the Certificateholders of Cwalt, Inc., Alternative Loan Trust 2005-63, Mortgage Pass-Through Certificates, Series 2005-63*] a Delaware corporation, is a global financial services company headquartered at One Wall Street, New York, New York 10286. The Bank of New York Mellon Corporation's registered agent for service of process is: The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. Currently The Bank of New York Mellon Corporation maintains that it owns the lender's interest in land and the lien against the Plaintiff's property. Hereafter The Bank of New York Mellon Corporation may be referred to as **BNYM**.

### JURISDICTION and VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for reasons set forth below.

6. Plaintiff's property is located in Pinal County, Arizona and the territorial boundaries of this District Court embrace this county.

7. Defendants **E-LOAN, INC.**, *MERS* and **BNYM** are Delaware corporations. The principle place of business for **E-LOAN, INC.** is in Rosemont, Illinois. The principle place of business for *MERS* is in Reston, Virginia. **BNYM** has its headquarters in New York, New York. Plaintiff is a citizen and resident of Arizona. There is diversity of jurisdiction between Plaintiff and these out of state corporations.

8. The amount in controversy exceeds $75,000.

9. This is an *in rem* proceeding pursuant to Arizona Revised Statutes § 12-1101 directed against *Plaintiff's property*, situated within the boundaries of Pinal County, Arizona. By virtue of an *Adjustable Rate Note* and *Deed of Trust* dated July 23, 2005, Plaintiff acquired an *equitable interest* in the title. Plaintiff can live on this land and only the Plaintiff has the right to sell this home.

10. All of these Defendants have recorded an interest in *Plaintiff's Property*.

## BRIEF BACKGROUND

11. On July 23, 2005, Plaintiff agreed to borrow $264,000.00 from E-LOAN, INC., secured by Plaintiff's Property. Two instruments were signed by Plaintiff on this date; (1) *Adjustable Rate Note* [hereafter *Note*] between Plaintiff and E-LOAN, INC. and (2) *Deed of Trust* between Plaintiff and E-LOAN, INC.

12. On March 5, 2012, after Plaintiff had fallen behind in payments to Bank of America, Mortgage Electronic Registration Systems, Inc. (*MERS*) executed an Assignment of Deed of Trust to Bank of New York Mellon, as the successor of E-LOAN, INC. On March 26, 2012 Bank of America executed a Substitution of Trustee for original trustee to Recontrust Co. During 2012 and 2013, Plaintiff contested Bank of America and Bank of New York Mellon rights, to foreclose on Plaintiff's property, through a verified administrative process, with both parties, followed by recording in public land records in Pinal County. Servicing of Plaintiff's loan was transferred to Bayview Loan Servicing, LLC in October 2012. On March 7, 2013, foreclosure action was cancelled without explanation. On May 8, 2014 Bayview Loan Servicing, LLC executed a substitution of trustee to James F. Murphy. On May 14, 2014 the trustee filed a Notice of Trustee sale for August 19, 2014.

13. On August 14, 2014 Plaintiff filed a Petition for Declaratory Relief to Quiet Title, A.R.S. § 12-1101 without Motion for Temporary Restraining Order or Motion for Preliminary Injunction. Plaintiff believed that the trustee would respond to certified delivery of the Notice of Lis Pendens and that trustee would facilitate a temporary delay of trustee sale until Plaintiff's case could be reviewed and heard by court.

14. Plaintiff is requesting a Verified Emergency Temporary Restraining Order and/or Temporary Injunction barring trustee sale on August 19, 2014.

15. Plaintiff affirms that denial of this Temporary Restraining Order and/or Preliminary Injunction will result in immediate, irreparable harm and damage, to wit, depravation of Plaintiff's legally protected property and the entire trauma that goes with it, including damage to Plaintiff's relationships and reputation within the community.

16. Plaintiff affirms that granting this Temporary Restraining Order and/or Preliminary Injunction will not bring any harm to the Defendants. As clearly evidenced in Petition For Declaratory Relief, the three Defendants listed do not have a contractual relationship with the Plaintiff and are not the parties in interest. Investors, who are not joined to this foreclosure action, are the real parties in interest who must be joined to this action before foreclosure proceeds. Defendants will not be harmed by any delay allowed so that Plaintiff's case may be heard by the court.

17. Plaintiff affirms that undeniable extrinsic evidence, clearly and logically presented in the Petition for Declaratory Judgment, which has been retrieved from outside of the public land records in Pinal County, supports a high likelihood of prevailing in this case. Plaintiff affirms that of the three listed Defendants, Bank of New York Mellon, is attempting to take possession of Plaintiff's property via statutory foreclosure without having an authentic claim to said property. Plaintiff requests opportunity for due process, not as a stall tactic, but as an opportunity to present a thoroughly sound quiet title petition for a determination by the court.

18. Plaintiff affirms that it is in the best interest of the public that individuals requesting due process be given an opportunity to be heard by the court. The granting of this petition for emergency temporary restraining order will benefit the public view of our justice system.

19. Plaintiff affirms that Defendants, whose registered agents are in Delaware, are being served notice, of this Petition for TRO along with the original Petition for Declaratory Relief, on

August 19, 2014. In the meantime, Plaintiff respectfully requests issuing an order for Temporary Restraining Order Without Notice.

## CONCLUSION AND PRAYER FOR RELIEF

20. In accord with Rule 65 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that the court:

(a) GRANT an Emergency Temporary Restraining Order and/or Preliminary Injunction to prevent trustee sale of Plaintiff's Property.

(b) Issue Emergency Temporary Restraining Order and/or Preliminary Injunction *Without Notice*, as time is of the essence. This Motion will be delivered to a certified process service company in Wilmington, DE for service to Defendants on August 19, 2014.

(c) Order that no security/bond be given by Plaintiff for the issuance of this order, as Defendants will not be harmed or damaged by the granting of this order.

Respectfully submitted by:

*[signature]*

Wendle V. Lehnerd, homeowner

33276 N. Cherry Creek Rd, Queen Creek, AZ 85142

(602) 295-6175

**VERIFICATION**

I, Plaintiff, Wendle V. Lehnerd, having been duly sworn, under penalty of perjury, affirm that I am over the age of eighteen (18) and mentally competent to testify in this matter. My person and property are in danger of immediate injury and loss, or damage will result to the to the Plaintiff before the adverse parties or their attorneys can be heard in opposition; and I hereby Certify, that the facts set forth regarding all matters stated in the above paragraphs and the Petition for Declaratory Judgment, CV-14-01811-PHX-SPL, are true and correct. Therefore, since this is an Emergency Petition, prior notice should not be required. Notice will be given within 2 days. I have read the foregoing pleading, the facts stated therein are from first hand knowledge and are true and correct to the best of my knowledge and belief.

_Wendle V. Lehnerd_
WENDLE V. LEHNERD

JURAT

STATE OF ARIZONA      )
                      ) ss:
COUNTY OF PINAL       )

Subscribed and sworn to (or affirmed) before me on this _18_ day of _August_, _2014_, by _Wendle V. Lehnerd_, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_Tucker Threlfall-K_
Notary Public                                  (seal)

TUCKER THRELFALL-KILL
Notary Public - State of Arizona
PINAL COUNTY
My Commission Expires
April 19, 2018

My Commission Expires: _4/19/2018_