**LAW OFFICES OF LES ZIEVE**
Carrie Thompson Jones, Esq. (AZ Bar #027471)
James F. Murphy, Esq. (AZ Bar #019222)
112 North Central Avenue, Suite 425
Phoenix, Arizona  85004-2361
Telephone: (602) 282-6188
Facsimile:  (602) 865-8606
cthompson@zievelaw.com

*Attorneys for the Defendants Bank of New York Mellon FKA the Bank of New York, as trustee for the certificate holders of CWALT, Inc. Alternative Loan Trust 2005-63, Mortgage Pass-Through Certificates, Series 2005-63 and Mortgage Electronic Registration Systems Incorporated*

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Wendle V. Lehnerd | No. 2:14-CV-01811-SPL |
| Plaintiff, | |
| v. | **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| E-Loan Incorporated;  Mortgage Electronic Registration Systems Incorporated;  Bank of New York Mellon Corporation f/k/a Bank of New York, trustee of Certificate Holders of CWALT Incorporated Alternative Loan Trust 2005-63, Mortgage Pass-Through Certificates, Series 2005-63;  and John Does 1-100 | **(HONORABLE STEVEN P. LOGAN)** |
| Defendants. | |

Plaintiff Wendle V. Lehnerd ("Plaintiff" or "Lehnerd") has filed a *Petition for Declaratory Relief to Quiet Title* ("Complaint") in the present action and asks this Court to hear, for a third time, arguments attempting to thwart a non-judicial trustee's sale of a residential property.  Undersigned counsel, representing both Defendant Bank of New York Mellon FKA the Bank of New York, as trustee for the certificate holders of CWALT, Inc. Alternative Loan Trust 2005-63, Mortgage Pass-Through Certificates,

Series 2005-63 ("BNYM") and Defendant Mortgage Electronic Registration Systems Incorporated ("MERS"), hereby responds with a Motion to Dismiss ("Motion") which is made and based on Rule 12(b)(6) of the <u>Federal Rules of Civil Procedure</u> ("FRCP").

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

**1.  <u>INTRODUCTION</u>**

Plaintiff's two previous attempts to thwart a foreclosure sale of the property subject of this action (hereinafter, the "Property") were argued in the U.S. District Court for the District of Arizona in *2012* as 2:12-CV-01141 and in *2013* as 2:13-CV-00362. Such litigious activity has not been met with success, as BNYM correctly and lawfully completed a non-judicial foreclosure, wherein the Property was sold on August 19, 2014.

Plaintiff is frivolously filing and abusing the judicial process with his petitioning in this third action to quiet title in this Court.  To quiet title, a plaintiff must allege, in a verified complaint, that he possesses title to the subject property, that a defendant claims an interest adverse to his own, and that it would be inequitable to let the defendant's interest stand.  A.R.S. § 12-1102; <u>Lavidas v. Smith</u>, 195 Ariz. 250, 256, 987 P2.d 212, 218 (Ct. App. 1999).  Further, in an action to quiet title, the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien."  <u>Farell v. West</u>, 114 P.2d 910,911 (Ariz. 1941).

Simply stated, the Plaintiff defaulted on an obligation to make payments on a certain promissory note secured by a certain deed of trust related to the Property, under which BNYM was named beneficial interest holder of record.  Plaintiff had the opportunity to either cure the default or tender the entire unpaid balance of the loan, and did not do so.  BNYM was endowed, as the named beneficiary, with the power to sell the Property if the Plaintiff defaulted upon his contractual obligations under the promissory note and/or the deed of trust if Plaintiff failed to cure his default.

/././.

/././.

As a remedy for Plaintiff's default, BNYM invoked its power of sale, and subsequently sold the Property at a duly-noticed and appropriately-conducted trustee's sale. This Motion to Dismiss ("Motion") is supported by the extensive court record related to Plaintiff's numerous unsuccessful attempts to thwart a trustee's sale of the Property, and by the discussion below.

## 2. **BACKGROUND**

On July 23, 2005, Plaintiff and Defendant E-Loan, Inc. ("Lender") entered into a loan agreement wherein Plaintiff would borrow $264,000.00 from Lender as part of Plaintiff's transaction to purchase the Property. A promissory note evincing Plaintiff borrowed the money was executed ("Note") and is attached to the Complaint as Exhibit 1. On the same day and as part of the same transaction, Plaintiff executed a deed of trust to secure the Note. Such deed was recorded in the Official Records of Pinal County on August 17, 2005 as Instrument Number 2005-106107 ("Deed of Trust"), and is attached to the Complaint as Exhibit 2.

By executing the Deed of Trust as the named Borrower therein, Plaintiff agreed in that security instrument that MERS, and the successors and assigns of MERS, would serve as beneficiary in a nominee capacity for Lender and Lender's successors and assigns, and that the Plaintiff irrevocably granted to the named Trustee power to sell the Property if the Plaintiff did not perform as agreed under the Note and the Deed of Trust. [Complaint, Ex. 2, at p. 1-2]

Monthly installment payments due under the Note were made for a time, until Plaintiff fell into default under the terms of the Note and Deed of Trust by failing to pay monthly installment(s) on or before the November 1, 2011 payment due date. In his Complaint, the Plaintiff has not alleged that he was performing as agreed under the Note and the Deed of Trust; he has not denied that he defaulted on the Note by failing to repay the loan as agreed.

/././.

/././.

On March 5, 2012, MERS, as nominee for Lender, assigned beneficial interest under the Deed of Trust to BNYM via an assignment document recorded on March 8, 2012 in the Official Records of Pinal County as Instrument Number 2012-018795 ("Assignment").  The Assignment is attached to the Complaint as Exhibit 5.

On May 8, 2014, BNYM appointed James F. Murphy ("Trustee") as a successor trustee under the Deed of Trust via a substitution document recorded on May 15, 2014 in the Official Records of Pinal County as Instrument Number 2014-028210 ("Substitution of Trustee").  The Substitution of Trustee document is attached to the Complaint as Exhibit 7.

On May 14, 2014, the Trustee noticed the Property for a nonjudicial trustee's sale scheduled to take place on August 19, 2014 by way of a notice document recorded on May 15, 2014 in the Official Records of Pinal County as Instrument Number 2014-028211 ("Notice of Sale").

The sale was set for August 19, 2014, giving Plaintiff over ninety (90) days notice that Defendant BNYM planned to proceed with a trustee's sale of the Property, unless an intervening event occurred that would halt the sale.  The Notice of Sale is attached to the Complaint as Exhibit 8.

On August 14, 2014, with five (5) days prior to the scheduled trustee's sale, Plaintiff filed this third suit to quiet title.  Four (4) days later, on August 18, 2014, the Plaintiff sought a Temporary Restraining Order ("TRO") from this Court; his motion was denied the same day.

On August 19, 2014, as no stay, bond, restraining order, injunction, or other agreement was in place to halt the trustee's sale, the Property was sold by the Trustee in accord with Arizona Revised Statutes ("A.R.S."), Title 33, Sections 801 *et al.*, and the Property reverted to the beneficiary, as it was the high bidder, at the sale.

/././.

/././.

/././.

The resulting Trustee's Deed Upon Sale ("TDUS") was prepared in accord with the state statutory scheme, names BNYM as the high bidder and subsequent purchaser of the Property at the sale, and is deemed perfected due to its timely recordation in the Official Records of Pinal County on August 26, 2014 as Instrument Number 2014-049423. The TDUS is attached hereto as **Exhibit A**.

On September 7, 2014, counsel for BNYM served and posted a notice to all occupants of the Property ("Notice to Vacate"), informing the occupants that the Property was sold at a trustee's sale and that the current owner, BNYM, is seeking immediate possession of the Property. As it is highly likely that the current occupants, who may include Plaintiff, have not yet vacated the premises, BNYM has immediate plans to initiate and pursue a forcible entry and detainer action ("Eviction") in the Superior Court of Arizona within Pinal County. The Notice to Vacate is attached hereto as **Exhibit B**. All exhibits cited above are incorporated herein by reference as though set forth fully below.

## 3. LEGAL STANDARD

A motion to dismiss is proper where the pleadings fail to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); McManus v. American Express Tax and Business Services, Inc., 67 F.Supp.2d 1083, 1086 (D. Ariz. 1999). Rule 12(b)(6) allows a defendant "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything in the alleged complaint is true." Mayer v. Mylod, 988 F2d 635, 638 (6th Cir. 1993). In ruling on a Rule 12(b)(6) motion, the complaint is construed in a light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008).

/././.

/././.

"The court need not accept as true…allegations that contradict facts that may be judicially noticed by the court, and may consider documents that are referred to in the complaint whose authenticity no party questions." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted).  "[E]xhibits attached to the complaint, as well as matters of public record may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment.  Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995)…" Carpenter v. FDIC (In re Carpenter), 205 B.R. 600, 604 (9th Cir. BAP 1997).  Copies of officially recorded documents in the Office of the Pinal County Recorder are attached to this Motion, many of which have been used in support of, and were recorded pursuant to the state statutory scheme related to, the conduct of a trustee's sale to foreclose upon the Property.  Such recorded documents in no way support Plaintiff's claims.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 674, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss).  Dismissal under 12(b)(6) is proper if the pleadings fail to allege enough facts so as to demonstrate a 'plausible entitlement to relief.'  Bell Atlantic v. Twombly, 550 U.S. 544, 553-558, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  While a complaint attacked by a Rule 12(b)(6) motion  does not need detailed factual allegations, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A plaintiff cannot meet his burden simply by contending that he "might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." Id. at 1950.

### 4. PLAINTIFF'S FIRST CLAIM TO QUIET TITLE

Plaintiff argues that MERS and BNYM lack interest in the Property, as he states the "[i]nvestors are the real parties in interest." [Complaint at ¶ 84].  While Plaintiff's theory is not set out in full, it appears that he is suggesting that a pooling and servicing agreement sold to "investors" on the secondary market would endow those unnamed "investors" with standing in this quiet title action, or that such agreement might corrupt the chain of title so that no assignment chain can be found.  But, such theories have been rejected.  *See generally* Roque v. Suntrust Mortgage Inc., No. C-09-00040-RMW, 2010 WL 546896, at *3-5 (N.D. Cal. Feb. 10, 2010) (rejecting theories that "pooling and servicing" transaction on secondary market cancelled power of sale and that "no proper chain of assignment of the note can be demonstrated").

The "real parties in interest" under a promissory note related to a loan and a deed of trust to secure such loan are logically the named parties within those documents.  Here, it is undisputed that Plaintiff executed the Note and the Deed of Trust and is therefore bound by provisions contained in those instruments.  The Plaintiff is the Trustor under the Deed of Trust, and is the Borrower under the Note; he is therefore an interested party.  Other interested entities herein would necessarily be the named or successor beneficiaries, servicers, note holders, nominees, borrowers, lenders, and trustees, among others, under the Note and the Deed of Trust.

Any unnamed "investors" that Plaintiff alleges are interested parties cannot hold an interest that contradicts that of the named beneficiary, or named successors of such a beneficial interest, under the Deed of Trust *without sufficient facts, proof, or evidence* to show they are entities or individuals to whom an interest or some type of benefit should flow.  These unknown "investors" should not be deemed by this Court to have any

unnamed interest without further sufficient facts to demonstrate that such "investors" would be entitled to some sort of interest, remedy, or relief under the Deed of Trust or the Note.  *See* Twombly at 570; *see also*  Iqbal at p. 674.  Further facts are necessary to sufficiently demonstrate Plaintiff's claim.  Therefore, Plaintiff's first claim that the beneficial interest of the Deed of Trust was held by some unknown and unnamed investors should fail for lack of any facts proving or demonstrating such an assertion.

## 5.  **PLAINTIFF'S SECOND CLAIM TO QUIET TITLE**

Plaintiff asserts that E-Loan, Inc. has run afoul of Arizona's "Statute of Frauds" as Lender must have had to sign a writing to dispose of its interest in the Property.

Simply stated, no party to this action has run afoul of A.R.S. § 44-101, or Arizona's Statute of Frauds section, as all agreements, security instruments, assignments of interest, and notices related to the sale of the Property have appropriately been in writing and even recorded when applicable.  Again, it is undisputed that Plaintiff executed the Note and the Deed of Trust and is therefore bound by provisions contained in those instruments.

Under the Deed of Trust, which binds the parties named therein,  MERS is named as the Lender's nominee and was the named beneficiary under written and recorded Security Instrument.  [Complaint, Ex. 2 at ¶ E] Additionally, MERS, at Lender's option, assigned its beneficial interest in the Deed of Trust to BNYM with the written and recorded Assignment. [Complaint, Ex. 5]   Such Assignment, if any writing was essential to allow a transfer of interest in real property under §44-101(6) here, would suffice in light of the written authorization in the Note and in the Deed of Trust for MERS to act on behalf of E-Loan as the Lender's nominee.  Plaintiff's second claim must fail as the argument that Lender did not sufficiently dispose of its interest via a writing is not plausible on its face.

/././.

/././.

/././.

### 6. **PLAINTIFF'S THIRD CLAIM TO QUIET TITLE**

Plaintiff argues here that the Assignment is invalid as it is supported only by a "formulaic term in the Deed of Trust" but does not identify the language with which he has a dispute.   Based upon what he as written, and what can be surmised by his statements, it can be assumed that Plaintiff does not believe the Assignment is valid, but no other assumptions can be made as to what language he deems too "formulaic" to be valid.   As such, this claim should fail for lack of facts supporting Plaintiff's too-broad and threadbare assertion.

### 7. **PLAINTIFF'S FOURTH CLAIM TO QUIET TITLE**

Lastly, Plaintiff argues that MERS has no authority to act in relation to the Deed of Trust, as its interest is only "ministerial interest" and that through "legal trickery" MERS is assigning interest it does not actually possess to BNYM through the Assignment.   It is unknown what Plaintiff means by "ministerial" but it appears his argument is not set forth in full.   But, if Plaintiff means to suggest that MERS cannot act on Lender's behalf, even though MERS is *specifically named as the beneficiary of record* on the Deed of Trust, and as such was endowed with the power to act on Lender's behalf as nominee, his claim cannot stand.   Plaintiff executed the very document granting MERS beneficial interest; nowhere in the writing is that beneficial interest reduced in power to "ministerial" or otherwise.   There was no "legal trickery" involved; there were simple provisions included in the Deed of Trust and the Note; those provisions were agreed to by Plaintiff; such agreement is evinced by his signature on the Deed of Trust granting the beneficial interest to MERS and its successors and/or assigns, and on the Note wherein he promised to pay installments on his loan.

Under the Note, the Plaintiff promises to make payments and agrees that "Lender may transfer this Note" and that "Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."" [Complaint, Ex. 1 at ¶ 1]   Plaintiff also agreed that "[i]f I do not pay the full amount of each monthly payment on the date it is due, I will be in default. [Complaint, Ex. 1 at ¶

7(B)] The language of the Note calls the Deed of Trust a "Security Instrument" that is to secure the Plaintiff's promise to pay the Note and provides that if the "Borrower fails to pay [on the loan]…Lender may invoke any remedies permitted by this Security Instrument…" [Complaint, Ex. 1 at ¶ 11].

Under the Deed of Trust, MERS is named as the Lender's nominee and was the named beneficiary under the Security Instrument.  [Complaint, Ex. 2 at ¶ E] Additionally, MERS, at Lender's option, assigned its beneficial interest in the Deed of Trust to BNYM through the Assignment.  Due to the default of Plaintiff under the Note, BNYM, as the Note Holder and beneficial interest holder under the associated Deed of Trust, chose to remedy the default by accelerating the terms of the Note, and when that failed, to invoke the power of sale.  [Complaint, Ex. 2 at ¶ 22] Again, the Deed of Trust is a valid security instrument executed by Plaintiff.  It names MERS as a beneficiary and also grants MERS the authority to act, as nominee for the Lender, to assign beneficial interest to BNYM, as it did through the execution and recordation of the Assignment.

The Plaintiff's claim here fails as it contradicts documents referred to in its own Complaint, and also due to the unwarranted assertion that MERS interest was not actually a beneficial interest-holder as stated on the security instruments, and lastly due to the unreasonable inference that MERS had somehow assigned interest to BNYM through trickery – *in other words, through fraud* – that has not been proven or supported with any facts that would provide grounds for relief to flow to Plaintiff.

## 8.  DEFENDANTS BNYM AND MERS ENTITLED TO DISMISSAL

Plaintiff has failed to understand chain of title and interest transfer issues after multiple attempts to litigate the same issues over and over, and has simply regurgitated his arguments with minor tweaks and permutations in his rationale.  This third Complaint has not set out nor proven that it would be inequitable to let the multiple named defendants' presumed interest stand in this quiet title action, as required by A.R.S. 12§ 1102.  He failed to deny he was in default under the Note.  He failed to recognize he was contractually bound by the Note and the Deed of Trust to pay monthly installments as

1   agreed or else the beneficial interest holder would invoke the power of sale.  He failed to

2   obtain a stay, a restraining order, a ruling, an injunction, or some other agreement with

3   which to hold off the sale of the Property, even through multiple attempts to quiet title in

4   this Court.  He failed to cure the default, and failed to pay the entire loan balance when

5   the Note was accelerated.

6          Due to Plaintiff's failings listed above, the Property has rightly been foreclosed

7   upon by the beneficial interest holder, BNYM, and as the property reverted to the

8   beneficiary at the time of sale, BNYM remains the beneficial interest holder under a

9   TDUS.  BNYM declares its TDUS is perfected and will seek to obtain possessory interest

10  of the Property through an Eviction of any and all current occupants of the Property.

11                          **PRAYER FOR RELIEF**

12         Defendant BNYM and Defendant MERS therefore respectfully request that the

13  Court dismiss this action, and all claims thereunder, with prejudice.

14         DATED this 22nd day of September, 2014.

15                          LAW OFFICES OF LES ZIEVE

16

17         By */s/ Carrie Thompson Jones*
           Attorneys for Defendants Bank of New York Mellon, *et al.,*
18         and Mortgage Electronic Registration Systems, Inc.

19

20

21

22

23

24

25

26

27

28

1

2

**CERTIFICATE OF SERVICE**

3

4

    I hereby certify that on September 22, 2014, I electronically transmitted the

5

attached document to the Clerk's Office using the CM/ECF System for filing and mailed

6

a copy to:

7

WENDLE V. LEHNERD
33276 North Cherry Creek Road
Queen Creek, Arizona 85142

8

Pro Per Plaintiff

9

/s/ Joseph Tirello

10

11

Original e-filed this 22nd day of September,

12

2014 with:

13

United States District Court
District of Arizona

14

15

Copy of the foregoing mailed
the 22nd day of September, 2014 to:

16

17

Plaintiff:
Wendle V Lehnerd

18

33276 N Cherry Creek Rd.
Queen Creek, AZ 85142

19

20

Attorney for E-Loan Incorporated:
Douglas V Drury

21

Mueller Drury & Lawrence
8110 E Cactus Rd., Ste. 105
Scottsdale, AZ 85260-5210

22

23

Attorney for Mortgage Electronic
Registration Systems Incorporated:

24

Eric Michael Moores
Sean Keenan McElenney

25

Bryan Cave LLP - Phoenix, AZ
2 N Central Ave., Ste. 2200

26

Phoenix, AZ 85004-4406

27

Parties who opted to receive

28

electronic notices:

dougdrury@muellerdrury.com
skmcelenney@bryancave.com
moorese@bryancave.com
mdlaw@muellerdrury.com
carussell@bryancave.com
nicole.daley@bryancave.com

EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A



**OFFICIAL RECORDS OF
PINAL COUNTY RECORDER
VIRGINIA ROSS**

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:
**Bayview Loan Servicing, LLC
4425 Ponce De Leon Blvd.
5th Floor
Coral Gables, FL 33146**

**Forward Tax Statements to
the address given above**

Exempt per 11-1134(B)(1)

DATE/TIME: 08/26/2014 1615
FEE:              $9.00
PAGES:              3
FEE NUMBER:   2014-049423



SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS #: **13-23965**

Title Order #: **140115581-AZ-MSI**

## TRUSTEE'S DEED UPON SALE

A.P.N.: **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 1**

**James F. Murphy, a member of the State Bar of Arizona,** as duly appointed Trustee under the Deed of Trust hereunder more particularly described does hereby **GRANT** and **CONVEY** to:

**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-63, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-63**

herein called Grantee, the following described real property situated in **Pinal County**, State of Arizona, described as follows:

**LOT 104, OF THE VILLAGE AT SAN TAN HEIGHTS PARCEL 5, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PINAL COUNTY, ARIZONA, RECORDED IN CABINET D, SLIDE 48.**

This conveyance is made pursuant to the powers, including the power of sale, conferred upon Trustee by the Deed of Trust dated 7/23/2005 executed by **WENDLE V. LEHNERD AND BARBARA A. LEHNERD, HUSBAND AND WIFE, AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP,** as Trustor to **E-LOAN, INC., as Lender, Mortgage Electronic Registration Systems, Inc.,** as beneficiary, and **recorded on 8/17/2005, as Instrument No. 2005-106107,** in the office of the County Recorder of **Pinal** County, Arizona and in compliance with the laws of the State of Arizona authorizing conveyance.

Said property was sold by Trustee at public auction on **8/19/2014,** at the place named in the Notice of Trustee's Sale. Grantee being the highest bidder at such sale, became the purchaser of said property for the amount bid, being **$151,300.00,** which payment was made either entirely in cash or by the satisfaction, pro-tanto, of the obligations then secured by said Deed of Trust.

In witness thereof, **James F. Murphy, a member of the State Bar of Arizona,** as Trustee, has this day, caused his name to be hereunto affixed.

1

# TRUSTEE'S DEED UPON SALE

Date: **8/20/2014**                          **James F. Murphy, a member of the State Bar of Arizona**

By: _____

State of Arizona           )
                           ) ss.
County of Maricopa         )

On **August 20, 2014**, before me, Joseph John Tirello, Jr., a Notary Public for the State of Arizona, personally appeared James F. Murphy, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____

JOSEPH JOHN TIRELLO, JR.
Notary Public - Arizona
Maricopa County
My Comm. Expires Aug 5, 2017

THIS INSTRUMENT IS RECORDED AT THE
REQUEST OF SERVICELINK AS AN
ACCOMMODATION ONLY. IT HAS NOT BEEN
EXAMINED AS TO ITS EXECUTION OR AS
TO ITS EFFECTS UPON TITLE.

2

TS No.: 13-23965

# Trustee's Deed Upon Sale

The following information is provided in accordance with Arizona Revised Statutes Section 33-401C:

1.   Grantee's Name:       **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-63, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-63**

2.   Grantee's address:     c/o **Bayview Loan Servicing, LLC**
                            **4425 Ponce De Leon Blvd.**
                            **5th Floor**
                            **Coral Gables, FL 33146**

3.     State in which Grantee is Incorporated, Organized, Licensed, Chartered, or Registered: **Delaware**

4.     Country under which Grantee is Chartered or Formed:   **United States**

EXHIBIT B

EXHIBIT B

# LAW OFFICES OF LES ZIEVE

James F. Murphy, Attorney at Law
Carrie Thompson Jones, Attorney at Law
112 North Central Avenue, Suite 425
Phoenix, AZ 85004

September 4, 2014

Certified Mail Return Receipt
And by Regular First Class Mail

## NOTICE TO VACATE
### (File No. 2014001143)

TO:           Wendle Lehnerd  and all tenants, subtenants, and others in possession

ADDRESS:      33276 N. Cherry Creek Road
              Queen Creek, AZ 85242

The above-referenced real property ("Property") was sold at a foreclosure sale in accordance with the laws of the State of Arizona under a power of sale contained in a deed of trust securing said Property, and title pursuant to the sale has been duly perfected with our client. The new owner seeks to recover possession of the Property in good faith to market and sell the Property.

Within **five (5) days** after service of this notice, you are hereby required to vacate and deliver possession of the Property now held and occupied by you to the undersigned <u>unless</u> you are a tenant or subtenant who rented the Property prior to the date of notice of the foreclosure sale.

If you are a tenant or subtenant who rented the Property before the date of notice of the foreclosure sale, then you must vacate the Property within **ninety (90) days** after service of this notice <u>unless</u> you are a tenant who entered into a bona fide lease prior to the notice of foreclosure in which case you must vacate the Property at the end of the remaining current term of the bona fide lease or ninety days after service of this notice, whichever occurs later.

A lease is considered bona fide only if all of the following conditions exist: (1) you are not the mortgagor (the prior owner/borrower) or the child, spouse, or parent of the mortgagor; (2) your lease was the result of an arms-length transaction; and (3) the lease requires the receipt of rent

Law Offices of Les Zieve
James F. Murphy, Esq.
Carrie Thompson Jones, Esq.
112 North Central Avenue, Suite 425
Phoenix, AZ 85004
Phone: (602) 282-6188
Fax: (602) 865-8086
jmurphy@zievelaw.com

which (i) is not substantially less than fair market rent for the Property or (ii) the Property's rent is reduced or subsidized due to a federal, state or local subsidy.

If you claim to be a tenant or subtenant, within three days after service of this notice, please notify the undersigned in writing of your tenancy and provide the undersigned with the following information: (a) a copy of your lease or rental agreement, or if you do not have a written lease or rental agreement, please provide a written explanation of the terms of the agreement under which you occupy the Property, including without limitation, the date you entered into the agreement, the names of all parties who entered into the agreement, the term of the agreement, the amount of monthly rent, the utilities paid by the landlord (if any), the amount of your security deposit (if any), and whether you receive assistance under the Department of Housing and Urban Development's Section 8 Housing Program; (b) proof of your last rental payment and any security deposit; (c) a list of any conditions at the Property that require repair; and (d) whether you are the child, spouse, or parent of the mortgagor.

Further, if you have been negotiating for or have entered into an agreement in which you will voluntarily vacate the Property by an agreed upon date (sometimes called "cash for keys"), be advised this letter is not intended to alter or terminate that agreement. If an agreement has been completed, please provide an executed copy to our offices so we can account for the terms of the agreement in our subsequent actions. If you have not completed negotiations but are still actively seeking to reach an agreement, please provide contact information for the party with whom you are negotiating.

**ATTENTION! Are you an active service member of the armed forces, or the dependent of one? If so then you <u>MAY</u> be afforded additional rights under the SERVICEMEMBERS CIVIL RELIEF ACT (SCRA). Please contact our office at (602)282-6188 <u>immediately</u> to determine if the protections of SCRA apply to you.**
**\*\*\*Be prepared to provide proof of military service. \*\*\***

<u>For information regarding this notice, please call (602) 282-6188.</u>

Law Offices of Les Zieve
James F. Murphy, Esq
Carrie Thompson Jones, Esq
112 North Central Avenue, Suite 425
Phoenix, AZ 85004
Phone (602) 282-6188
Fax (602) 865-8086
jmurphy@zievelaw.com

If you have any questions about this matter, please do not hesitate to contact our eviction department.

Respectfully,

James F. Murphy, Esq.
Carrie Thompson Jones, Esq.
LAW OFFICES OF LES ZIEVE
Attorneys for The Bank of New York Mellon
FKA The Bank of New York, as Trustee for
the Certificateholders of CWALT, Inc.,
Alternative Loan Trust 2005-63, Mortgage
Pass-Through Certificates, Series 2005-63

*This is an attempt to collect a debt. Any information obtained will be used for that purpose.*

Law Offices of Les Zieve
James F. Murphy, Esq.
Carrie Thompson Jones, Esq.
112 North Central Avenue, Suite 425
Phoenix, AZ 85004
Phone: (602) 282-6188
Fax: (602) 865-8086
jmurphy@zievelaw.com